**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| THE BRAUN CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-50-JVB-PRC |
| | ) | |
| VANTAGE MOBILITY | ) | |
| INTERNATIONAL, LLC, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Modify Stipulated Protective Order [DE 135], filed on September 8, 2009. Plaintiff filed a response brief in opposition to the instant Motion on September 28, 2009, and Defendant filed a reply brief in support on October 13, 2009. On October 20, 2009, with leave of Court, Plaintiff filed a sur-reply brief.

On February 10, 2006, Plaintiff filed a Complaint for Patent Infringement against Defendant. On January 16, 2007, the Court entered a Stipulated Protective Order, which contains a "CONFIDENTIAL or ATTORNEYS' EYES ONLY" provision, permitting either party to designate confidential business information and trade secrets under these categories. *See* Protective Order, at ¶ 3(a) [DE 51]. In particular, paragraph 3(b) of the Protective Order provides that:

> A Party or producing person shall designate information as ATTORNEYS' EYES ONLY only when the designating Party or person in good faith believes broader disclosure of the "protected information" will harm its competitive position if known by a Party or person *other than the designating Party or person and the attorneys (both outside counsel and, as identified in Paragraph 6(a)(iv), in-house counsel)* and their respective employees and staff who are involved in this case.

*Id*. at ¶ 3(b) (emphasis added). Paragraph 6(a)(iv) further provides that access to information designated as "CONFIDENTIAL" shall be limited to a number of "Qualified Persons," including

1

Attorney Brad Johnston[1], who is in-house counsel for Plaintiff. Paragraph 19 of the Protective order provides that:

> In the event any Party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation, or noticed motion to all Parties that must be served and filed in accordance with local court rules.

*Id.* at ¶ 19.

In the instant Motion, Defendant requests leave of Court to modify the Protective Order to create a new category of information designated as "OUTSIDE ATTORNEYS' EYES ONLY," which, in particular, would make information under this new category inaccessible to Attorney Johnston, but would remain accessible to Plaintiff's retained outside counsel and other individuals specified in the Protective Order. Defendant represents that its request is in response to Plaintiff's request that Defendant produce certain highly confidential sales and financial information about its business, which Defendant alleges would result in irreparable harm if disseminated to Plaintiff or any of Defendant's competitors. In particular, Defendant argues that Attorney Johnston should be denied access to information concerning Defendant's sales and finances because he also serves as Plaintiff's corporate secretary and is a member of its Board of Directors, thus increasing the chance that Attorney Johnston might inadvertently disclose the confidential information to the Plaintiff.

## ANALYSIS

Just as good cause is required to enter a protective order, good cause is also required to modify a protective order. *Murata Mfg. Co. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006). The party seeking to modify the protective order has the burden of demonstrating that good cause exists. *Id.* "This burden is especially high where a protective order is agreed to by the

---

[1] Attorney Johnston is also referred to by his full name, D. Brandon Johnston.

parties before its presentation to the court." *SmartSignal Corp. v. Expert Microsystems, Inc.*, No. 02 C 7682, 2006 WL 1343647, at *2 (N.D. Ill. May 12, 2006). When deciding whether to modify a protective order, courts consider the nature of the protective order, foreseeability at the time of issuance of the modification requested, parties' reliance on the order, and whether good cause exists for the modification. *Id.*

In this case, the parties appear to have entered a blanket protective order, which permits the parties to protect selected documents that they believe in good faith contain "protected information." *See* Protective Order at ¶ 3(a); *Murata Mfg. Co.*, 234 F.R.D. at 179 (describing a "blanket" protective order as permitting the parties to select documents that should be protected). This type of protective order is difficult to modify when the parties have stipulated to it, especially where the proposed modification relates to a matter that was foreseeable when the parties' entered into the original protective order. *Id.* at 179-80.

In its response brief, Plaintiff argues that Defendant should have known that Attorney Johnston would have access to highly confidential and sensitive information, as it agreed to permit him access to information under the "ATTORNEYS' EYES ONLY" provision or the Protective Order, and having had the current Protective Order in effect for almost three years, cannot now attempt to bar him from reviewing sales and financial information. However, as Defendant addresses in its reply brief, the requested modification has been necessitated by the *recent* discovery disclosures, and not information that was previously disclosed. Therefore, the Court finds that Defendant's request is not untimely and the requested modification was not foreseeable at the time the Court entered the Protective Order.[2]

---

[2] The Court notes that this is not a case where the Defendant knew that Attorney Johnston had access to information concerning Defendant's sales and financial information over the past two years, but has waited to object until now. Rather, it appears from the record that the requested modification was brought about by recent information requested through discovery.

When evaluating whether an attorney should have access to confidential materials, a court should weigh a party's legitimate interest in ensuring that the information be protected against the other party's competing interest in having its counsel have access to that information. *Autotech Techs. Ltd. Partnership v. Automationdirect.com, Inc.,* 237 F.R.D. 405, 408 (N.D. Ill. 2006). In cases where in-house counsel is sought to be excluded from access to information, "status as in-house counsel cannot alone create [the] probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access." *United States Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984). "The sole question is whether there is an unacceptable risk of or opportunity for 'inadvertent disclosure' of confidential information." *Autotech Techs.*, 237 F.R.D. at 407. In deciding whether such a risk exists, "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure" and must be determined "by the facts on a counsel-by-counsel basis." *United States Steel*, 730 F.2d at 1468. Involvement of the attorney in "competitive decision-making" is *one* basis for limiting access to information. *Autotech Techs.*, 237 F.R.D. at 408.

"In the end, proper analysis requires a careful and comprehensive inquiry into in-house counsel's actual (not nominal) role in the affairs of the company, his association and relationship with those in the corporate hierarchy who are competitive decision-makers, and any other factor that enhances the risk of inadvertent disclosure." *Id.* "That risk must then be balanced against the harm that will result to the party employing in-house counsel from restrictions on the latter's access to the protected information." *Id.*

As a preliminary matter, Defendant does not impermissibly seek to limit Attorney Johnston's access to the requested information in this matter solely based on his position as in-house counsel for the Plaintiff. Rather, Defendant argues that the risk of inadvertent disclosure

4

arises out of Attorney Johnston's position as Plaintiff's corporate secretary and member of Plaintiff's Board of Directors.

Plaintiff contends that the risk of inadvertent disclosure is minimal because Attorney Johnston is not a competitive decision-maker for the Plaintiff. Further, Plaintiff contends that Attorney Johnston is not a member of Plaintiff's Board of Directors. In support, Plaintiff has provided as an attachment to its response brief a Declaration of Attorney Johnston. *See* Pl.'s Resp. Br., Ex. 2. In the Declaration, Attorney Johnston represents that he has maintained and will continue to maintain the confidentiality of any documents or information that he accesses under the terms of the Stipulated Protective Order. While the Court does not doubt Attorney Johnston's assurances that he will abide by the Protective Order, acceptance of his assurances "marks the beginning and not the end of the analysis." *Autotech Techs.*, 237 F.R.D. at 408. Plaintiff represents that Attorney Johnston's duties as its in-house counsel are legal in nature and, among other things, include managing litigation and advising the company on legal issues. Attorney Johnston is not a patent attorney and does not assist in prosecution of Plaintiff's patents. Further, according to Attorney Johnston's Declaration, he is not involved with Plaintiff's price or marketing decisions or decisions regarding product design, is "not involved with and do[es] not attend meetings concerning competitive products or marketing or pricing strategies," and his contact with personnel who make such decisions is "generally related to a particular legal issue or to employee benefit matters." Pl.'s Resp. Br., Ex. 2 at ¶ 4-5. Attorney Johnston also represents that he is not a member of Plaintiff's Board of Directors. Accordingly, Plaintiff argues that Attorney Johnston is not a competitive decision-maker.

Nonetheless, as already noted in this Opinion and Order, whether Attorney Johnston is involved in competitive decision-making is *one* basis for limiting access to information. *See Autotech Techs.*, 237 F.R.D. at 408. Even where in-house counsel does not directly participate in competitive decision-making, if the in-house counsel's contact with those who do creates the

5

opportunity for inadvertent disclosure of confidential information, the court may limit counsel's access to such information. *See Meridian Enterprises Corp. v. Bank of America Corp.*, No. 4:06CV01117 RWS, 2008 WL 474326, at *3 (E.D. Mo. Feb. 15, 2008) (limiting access to information where counsel was both a shareholder and member of the corporation's board of directors); *Norbrook Labs., Ltd. v. G.C. Hanford Mfg. Co.*, No. 5:03CV165(HGM/GLS), 2003 WL 1956214, at *5 (N.D.N.Y. April 24, 2003) (limiting access to information where counsel was also a corporate secretary and sat on the board of directors). While Attorney Johnston represents that he is not involved with matters concerning competitive products or marketing or pricing strategies, and does not attend meetings concerning such information, he does not indicate whether he attends Board meetings. Plaintiff and Attorney Johnston contend that he is not a member of Plaintiff's Board of Directors. However, Defendant has provided an exhibit to the Court, in the form of an Annual Report, filed by Attorney Johnston on Plaintiff's behalf on April 14, 2009, with the Florida Secretary of State, listing his title as "DS." Mot. to Modify, Ex.C. The Florida Department of State, Division of Corporations, provides that the abbreviation "DS" stands for "Director" and "Secretary." *See* Florida Department of State, Division of Corporations, Frequently Asked Questions, *available at* http://www.sunbiz.org/faqcor.html#nine. Further, Attorney Johnston represents that his contact with personnel who are competitive decision-makers is "*generally* related to a particular legal issue or to employee benefit matters," but not *solely* related to those matters. *See* Pl.'s Resp. Br., Ex. 2 at ¶ 5.

Nonetheless, in its sur-reply brief, Plaintiff represents that the designation on the April 14, 2009 filing, listing Attorney Johnston's title as "DS" was made in error and Plaintiff was unaware of the error until Defendant brought it up in support of the instant Motion, and Plaintiff promptly corrected this error. Attached to the sur-reply, Plaintiff has included a Supplemental Declaration of D. Brandon Johnston indicating that he was mistakenly identified as a director of Plaintiff and that he is not, and has never been, a member of Plaintiff's Board of Directors. *See* Pl.'s Sur-Reply,

6

Ex. 1 at ¶¶ 1-2. Further, Plaintiff has provided the Court with a Supplemental Corporate Annual Report, filed with the Florida Department of State, Division of Corporations, on October 15, 2009, correcting Attorney Johnston's Title and designating him as "SEC," which Plaintiff purports is an abbreviation for the title of Secretary and Executive Counsel.

Accordingly, the evidence submitted by the parties indicates that Attorney Johnston is not a member of Plaintiff's Board of Directors. Defendant has failed to provide evidence supporting that, although he may not sit on the Board of Directors, Attorney Johnston attends their meetings. The evidence fails to show that his positions as Corporate Secretary and Executive Counsel provide the situation in which "he sits in the same room as those who are involved in competitive decisionmaking." *Norbrook*, 2003 WL 1956214 at *5. As such, the Court cannot find that Plaintiff's "board meetings present an unacceptable opportunity for the inadvertent disclosure of confidential information." *Id.*

Accordingly, Defendant has failed to show that the risk of inadvertent disclosure exists based on Attorney Johnston's positions with Plaintiff, and good cause does not exist to modify the protective order.

## CONCLUSION

Therefore, the Court hereby **DENIES** the Defendant's Motion to Modify Stipulated Protective Order [DE 135].

SO ORDERED this 21st day of October, 2009.

                                               s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record