# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| THE BRAUN CORPORATION, | |
| Plaintiff, | |
| v. | Civil Case No.: 2:06-CV-50 JVB |
| VANTAGE MOBILITY INTERNATIONAL, LLC, | |
| Defendant. | |

**ORDER**

Magistrate Judge Paul R. Cherry submitted to this Court a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (DE 230) regarding Plaintiff's Motion to Strike Portions of Bryce Cook's Expert Report (DE 186).

In its motion, Plaintiff seeks to strike portions of Defendant's expert's report. First, Plaintiff asks that the Court strike from the report the information that Defendant's expert, Bryce R. Cook, obtained from Plaintiff's employees through an ex parte inquiry on Plaintiff's website. Plaintiff argues that Mr. Cook's conduct violated the Indiana Rules of Professional Conduct governing lawyers and thus should be stricken from his report. Judge Cherry recommends that this request be denied because there is no evidence that Mr. Cook acted at the direction of Defendant or Defendant's counsel so as to violate the Indiana Rules of Professional Conduct. Plaintiff has not objected to Judge Cherry's recommendation on this issue. Accordingly, the Court will accept the recommendation as written.

In its motion, Plaintiff also asks to strike the portion of Mr. Cook's report that is based on

a histogram supplied by Defendant's counsel. The histogram purports to summarize the height of Defendant's customers obtained from Defendant's surveys. Plaintiff objects to the expert's reliance on the histogram because he has not reviewed the underlying data or the methodology of the surveys. Judge Cherry agreed with Plaintiff, finding that Mr. Cook should have independently reviewed the underlying surveys, especially because the surveys were conducted by Defendant. Moreover, Judge Cherry noted that Defendant has not provided the surveys to the Court or Plaintiff even after Plaintiff challenged the expert's testimony, making it impossible for the Court to evaluate the reliability of the surveys.

Defendant objects to this portion of Judge Cherry's Report and Recommendation. Defendant believes that Mr. Cook properly relied on the histogram even if he was not provided the underlying data. Defendant believes that Plaintiff is free to challenge the surveys on cross examination, but is not entitled to having the report stricken altogether. With its objection, Defendant has submitted the surveys.

In response, Plaintiff argues that Defendant's belated submission of the surveys should be disregarded as a tactical ploy by Defendant. Plaintiff insists that Defendant could have submitted the surveys long before or at least once the objection to the expert's report had been raised. Moreover, Plaintiff contends that the surveys are irrelevant because Mr. Cook did not review or rely on them in any case.

Having reviewed the Report and Recommendation de novo, as is proper for such advisory opinions, the Court will accept Judge Cherry recommendation to strike the portions of Mr. Cook's report relying on the histogram. Judge Cherry's position on the issues and evidence that were presented to him is supported by both the law and the circumstances of this case.

However, if Defendant can show that the underlying data is regularly relied upon by the experts such as Mr. Cook and Mr. Cook's testimony on this subject is not otherwise prohibited by the Federal Rules of Evidence, the Court may further review this subject.

In summary, the Court:

- Denies Defendant's Objection to Judge Cherry's Report and Recommendation (DE 233); and

- Accepts Judge Cherry's Report and Recommendation (DE 230) regarding Plaintiff's Motion to Strike Portions of Bryce Cook's Expert Report (DE 186).

Accordingly, the Court grants in part and denies in part Plaintiff's Motion to Strike Portions of the Report of Bryce R. Cook (DE 186). The Court:

- Grants the Motion to the extent that Plaintiff requests that the portions of Mr. Cook's expert report relying on the histogram be struck and that Mr. Cook be precluded from testifying as to any opinions based on the histogram;

- Denies the Motion to the extent that Plaintiff requests that the portion of Mr. Cook's expert report referring to or relying on the information that Mr. Cook obtained through *ex parte* communication with one of Plaintiff's employees and that Mr. Cook be precluded from testifying about that information.

SO ORDERED on December 17, 2010.

          S/ Joseph S. Van Bokkelen
          JOSEPH S. VAN BOKKELEN
          UNITED STATES DISTRICT JUDGE